UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUBTAIN YOUSAFI

                                  Plaintiff,

                -against-

JUDGE HELLERSTEIN

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officer
MATTHEW MILLER (Shield No. 9935) and Police Officer
JOHN DOE(S) and JANE DOE(S)

                                Defendants.
------------------------------------------------------------------------x

14 CV 2523

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



RECEIVED APR 09 2014 U.S.D.C. S.D.N.Y.

      Plaintiff Subtain Yousafi, by his attorney, the Urban Justice Center, complaining of defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

### JURISDICTION

    2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

    3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the events giving rise to those claims occurred and arose in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Subtain Yousafi is a 36 year-old resident of New York, New York, and a licensed New York City mobile food vendor.

7. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8. Defendant Police Officers John and Jane Does are sued in their individual and official capacity. They were at all times relevant to this action police officers employed by the City of New York, acting within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## NOTICE OF CLAIM

9. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City in compliance with General Municipal Law § 50.

10. More than 30 days have elapsed since service of said notice and the City has failed to pay or adjust the claim.

## FACTUAL AND GENERAL ALLEGATIONS

11. Plaintiff has been a licensed mobile food vendor for approximately five years. He lives in Queens with his wife and two children.

12. Plaintiff, a long-time coffee and bagel vendor, decided to expand his business in the summer of 2013. He began vending smoothies near Google's office located on 8th Avenue between 15th and 16th streets, a legal vending location under the Administrative Code of the City of New York.

13. In the days preceding Plaintiff's arrest, Plaintiff was repeatedly told to leave his legal vending location by Google's building security and by various Defendant Officers from the New York City Police Department. On these occasions, Plaintiff explained that he was in compliance with all relevant vending rules and regulations and therefore refused to voluntarily leave his vending location.

14. On June 2, 2013 Plaintiff arrived at his vending location at approximately 5 A.M. At approximately 7 A.M. Plaintiff was approached by Defendant Officers and placed under arrest. He was taken to the 10th precinct and held there until approximately 12 P.M.

15. Plaintiff was then taken to the Midtown Community Court and held for several more hours. Plaintiff did not appear before a judge at Midtown Community Court. He was later taken to New York County criminal court at 111 Centre Street. At approximately 11 P.M. Plaintiff appeared before a judge and was released.

16. Upon information and belief, the District Attorney of the County of New York declined to prosecute the case against Plaintiff. Defendant Officers arrested Plaintiff without probable cause and held Plaintiff in custody, against his will and with no lawful basis, for approximately 16 hours.

17. On June 3, 2013 Plaintiff spent several hours reclaiming the personal effects taken from him when he was arrested.

18. On June 5, 2013, Plaintiff was issued a criminal court summons by Officer MILLER for allegedly violating Section 20-465(m) of the New York City Administrative Code, which prohibits general merchandise vendors from selling over ventilation grates. Section 20-465 (m) does not apply to food vendors such as Plaintiff. Upon information and belief, this summons was later dismissed.

19. The Defendant Officers knew or should have known that they had no right to arrest Plaintiff or issue him a summons for selling non-food items over a ventilation grate.

20. The arrest of Plaintiff was performed under color of law, within the scope of the Defendant Officers employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

21. The arrest of Plaintiff property violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and was the direct and proximate cause of his damages.

22. The actions of the Defendant Officers were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

23. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the Fourth, Fifth, and Fourteenth Amendment of the U.S. Constitution; and

    b. economic damages including loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNLAWFUL ARREST

24. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

25. Defendant Officers unlawfully arrested Plaintiff, intended to confine him, and confined him without probable cause to believe that Plaintiff had committed any offense or violated the law.

26. Plaintiff was aware of his confinement as he was held in the custody of the New York City Police Department on June 2, 2013 from 7:00 A.M. until 11:00 P.M. without his consent or any reasonable justification.

COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

27. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

28. By their conduct, under color of law, defendants deprived Plaintiff of his property without due process of law.

COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

30. By their conduct, under color of law, defendants denied Plaintiff his right to due process by depriving him of his property and arresting him for arbitrary or irrational reasons.

COUNT IV – 42 USC § 1983 – MONELL CLAIM

31. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

32.   New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at lawful locations, which caused the violation of Plaintiff's rights.

33.   It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors selling at lawful locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

34.   As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which he suffered damages.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1.   Award compensatory damages in an amount to be determined at trial;

2.   Award punitive damages in an amount to be determined at trial;

3.   Disbursements, costs, and attorneys' fees; and

4.   For such other and further relief as this Court may seem deem just and proper.

Dated:   New York, New York
April 8, 2014

Respectfully submitted,

SEAN BASINSKI / SB3597
Urban Justice Center
*Attorneys for Plaintiff*
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _Subtain Yousafi_, Date of Birth _10/27/77_, SS# _218 55 7226_, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _Subtain Yousafi_, Docket No. or Indictment No. _M 13649592_, in _Criminal_ Court, County of _New York_, State of New York, relating to my arrest on or about _06/02/2013_, may be made available for use in Civil Action _Subtain Yousafi_ v. _City of New York et al_ (S.D.N.Y.).

      I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

      I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

      The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

      I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF            )

On this _25_ day of _February_, 201_4_, before me personally came _Subtain Yousafi_, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

_____
NOTARY PUBLIC

ARCHANA DITTAKAVI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DI6275816
Qualified in Kings County
My Commission Expires February 04, 2017

May 18, 2011